1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9
ROBERT GODDARD,                     )
                                    ) No. CV-06-2747 RHW JPH
10              Petitioner,          )
                                    ) REPORT AND RECOMMENDATION TO
11    v.                             ) DENY WRIT OF HABEAS CORPUS
                                    )
12    SCOTT K. KERNAN, Warden, et    )
      al.,                           )
13                                   )
                Respondents.         )
14                                   )
                                    )
15   _____)

16      **BEFORE THE COURT** is a Petition under 28 U.S.C. § 2254 for

17   Writ of Habeas Corpus by a person in state custody (Ct. Rec. 1),

18   Respondent's Answer (Ct. Rec. 13), Petitioner's Traverse (Ct. Rec

19   18), Respondent's Amended Answer (Ct. Rec. 21), and Petitioner's

20   Amended Traverse (Ct. Rec. 23).  Petitioner is represented by

21   counsel Scott L. Tedmon and Respondent is represented by Deputy

22   Attorney General Justain P. Riley.  This matter was heard without

23   oral argument.  After careful review and consideration of the

24   pleadings submitted, it is recommended that the Petition for Writ

25   of Habeas Corpus be **denied.**

26      At the time his petition was filed, Petitioner was in custody

27   in Vacaville, California, pursuant to his 2004 Yolo County

28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 1 -

conviction for inflicting corporal injury on a former cohabitant, with an enhancement for causing great bodily injury. (Ct. Rec. 1, attachment 12(a) at 3, Lodged Document 1.)  Petitioner, represented by counsel, pleaded no contest to the charge and admitted the great bodily injury enhancement on August 30, 2004. (Lodged Document 18.)  On October 18, 2004, the court accepted the parties' plea agreement and imposed a sentence consistent with the agreement.  Petitioner challenges the effectiveness of trial counsel.  (Ct. Rec. 1.)

**I. BACKGROUND**

**A. Factual History**

The parties stipulated that the transcript of the preliminary hearing could serve as the factual basis for Mr. Goddard's plea. (Lodged Document 18 at 7-8.)  At the hearing, victim Heather Johnson testified that she lived with Mr. Goddard on and off for about a year.  (Lodged Document 14 at 5.)

Her mother, Karen Johnson, testified to the events that occurred on September 25, 2003:

> Q: About how many times did Heather try and get in the middle and Mr. Goddard threw her to the side?
>
> A: About three or four times.
>
> Q: Did Mr. Goddard do anything else to Heather?
>
> A: He struck her in the jaw and broke it.
>
> Q: How did that happen?
>
> A: They were towards the sidewalk and the lawn, and she was facing him, and he struck her, and she fell straight down to the ground.

(Lodged Document 14 at 44-45.)

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 2 -

Woodland Police Department Officer Darren Imus testified:

Q: Okay, did you observe Heather Johnson?

A: Yes. I did.

Q: What was she doing?

A: She was seated in a vehicle in the driveway holding a towel or a shirt up to her lip.

Q: Okay. Did Karen Johnson tell you what had happened?

A: She briefly stated that Mr. Goddard had punched or slapped Heather in the face, and that he had left on his motorized scooter.

. . .

A: I [Officer Imus] came back. And I was attempting to speak with Karen and Heather further, but [a neighbor] Mr. Ryhall was standing in the front yard of 1516.  He said that "Karen had taken Heather to the hospital."  So I asked him if he had been a witness or seen anything that transpired.  And he said he had.

. . .

Q: What did he tell you?

A: Well, he lives two houses south of 1516 Ashley.  He said about 15 minutes, maybe 20 minutes, prior to my arrival, he heard loud arguing coming from the front yard of that residence.  He looked – at one point he saw Mr. Goddard cock his hand back.  He doesn't recall which.  And slapped Heather in the jaw.  It made a loud pop.  And that she had fallen to the ground.

. . .

A: Mr. Ryhall said that Mr. Goddard pushed him in the chest and the face.  At which time Mr. Ryhall pushed Mr. Goddard back in the chest, said "You don't hit a lady." Mr. Goddard replied back, "that wasn't a lady that I hit. That was a dude."

. . .

A: I spoke to her [a nurse] that evening, nurse Franchi, she said "yes, her [Heather's] jaw was in fact broken."

Officer Imus spoke with the victim's younger sister,

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 3 -

Aubrey:

> A: And I believe Aubrey had seen Mr. Goddard throw her
> [Heather] two or three separate times.  And she
> {Aubrey} said each time was about five to six feet.
> Maybe seven feet out onto the law[n].  She [Heather] would
> jump on his shoulder . . .  She also said at the end of it,
> that Mr. Goddard had come out onto the front grass area,
> cocked his hand back – she couldn't remember
> which.  And punched Heather in the jaw. And she wasn't
> sure which side.  It made a loud pop noise, and Heather
> immediately collapsed on the grass.

(Lodged Document 15 at 4-6, 8-10.)

**B.   Procedural History**

On August 30, 2004, petitioner withdrew his not guilty plea and entered a counseled plea of no contest to inflicting corporal injury on a former cohabitant, and admitted the great bodily injury enhancement.  (Lodged Doc. 1, 18.)  At the conclusion of the hearing Mr. Goddard was found guilty of the charge and the enhancement was found true.  (Lodged Document 18 at 8.)  Sentence was imposed on October 18, 2004.  (Lodged Document 2.)

Prior to accepting the change of plea, the trial court advised Mr. Goddard that if the court followed the plea agreement, he would be sentenced to seven years imprisonment, suspended, on the condition that he perform under a grant of probation.  The court advised Mr. Goddard that if he violated any terms or conditions of probation, the court "would lift the suspension and impose it and can send you to prison for seven years."  (Lodged Document. 18 at 3.)  As part of the plea agreement, the People dismissed five additional counts relating to incidents that occurred on a different date but involved the same victim. (Lodged Document. 18 at 8-9, Ct. Rec. 1, attachment 11(a)(8).)

On October 18, 2004, the court followed the terms of the plea

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 4 -

agreement and sentenced Mr. Goddard to a suspended state prison aggregate term of seven years, comprised of the mid-term of three years for the Penal Code §273.5(a) violation and the mid-term of four years for the Penal Code §12022.7(e) enhancement.  He was sentenced to five years of probation. No jail time was imposed. (Lodged Document. 2; Ct. Rec. 1, attachment 11(a)(8).)  Mr. Goddard's conditions of probation required that he commit no further violations of the law and refrain from using alcohol. (Lodged Document. 2 at 2.) Less than three weeks later, on November 3, 2004, Mr. Goddard was arrested for driving while under the influence of alcohol.

On December 17, 2004, Mr. Goddard pleaded guilty to driving with a blood alcohol level of .08 or higher, in violation of Vehicle Code §23152(b).  As a result of this conviction, he admitted violating probation in the domestic violence case.  (Ct. Rec. 1, attachment 12(a) at 2.)  Sentencing on the domestic violence felony probation violation  was continued to January 21, 2005 at Mr. Goddard's counsel's request. (Id.)

At hearings held on January 21, 28, and 31, 2005, the court heard and considered the testimony of three witnesses who appeared on Mr. Goddard's behalf: Mark Corey, Ph.D., Heather Johnson Goddard, the victim of the underlying domestic violence offense and (at the time of the violation hearings) Mr. Goddard's spouse; and Mr. Goddard on his own behalf.  (Ct. Rec. 1, attachment 12(a) at 2-3).)  At the end of the hearing on January 31, 2005, the court imposed the previously suspended seven year state prison sentence. (Lodged Document 1, Ct. Rec. 1, attachment 12(a) at 3.)

1    Mr. Goddard did not appeal from his judgment of conviction.
2   (Ct. Rec. 1 at 3.)  On November 7, 2005, he filed a petition for
3   writ of habeas corpus in Yolo County Superior Court alleging
4   ineffective assistance of trial counsel.  (Lodged Document 5.)
5   The superior court denied the petition in a reasoned decision on
6   January 10, 2006. (Lodged Document 6.)

7    Petitioner then presented the following claim to the
8   California Supreme Court in a state habeas petition:

9       (1) Was counsel ineffective for failing to fully and properly
        advise the defendant prior to entry of his plea, resulting in
10      a plea not fully informed, in violation of his Sixth
        amendment right to counsel and Fifth amendment right to due
11      process?

12  (Lodged Document 7, attachment 6(a) at 1.)

13    On October 11, 2006, the California Supreme Court denied
14  without comment Mr. Goddard's petition for a writ. (Lodged
15  Document 8.)  On December 5, 2006, Mr. Goddard filed
16  his current petition for writ of habeas corpus with this Court.
17  (Ct. Rec. 1.)

18    In his federal habeas petition, Mr. Goddard claims
19  ineffective assistance of counsel.  (Ct. Rec. 1 at 6 and
20  attachment to Petition 12(a).)  Mr. Goddard's federal habeas
21  petition raises the same claim as that raised in the state's
22  highest court.

23  **II. EXHAUSTION OF STATE REMEDIES**

24    As a preliminary issue, Petitioner must have exhausted his
25  state remedies before seeking habeas review.  The federal
26  courts are not to grant a writ of habeas corpus brought by a
27  person in state custody pursuant to a state court judgment
28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS

unless "the applicant has exhausted the remedies available in the courts of the State." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9ᵗʰ Cir. 2008), citing 28 U.S.C. §2254(b)(1)(A).  "This exhaustion requirement is 'grounded in principles of comity' as it gives states 'the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Id.*, citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In order to exhaust state remedies, a petitioner must have raised the claim in state court as a federal claim, not merely as a state law equivalent of that claim.  See *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  The state's highest court must be alerted to and given the opportunity to correct specific alleged violations of its prisoners' federal rights.  *Wooten,* 540 F.3d at 1023, citing *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To properly exhaust a federal claim, the petitioner is required to have presented the claim to the state's highest court based on the same federal legal theory and the same factual basis as is subsequently asserted in federal court.  *Hudson v. Rushen*, 686 F. 2d 826, 829-30 (9ᵗʰ Cir. 1982), *cert. denied*, 461 U. S. 916 (1983).

Respondent may waive the exhaustion requirement.  *See* 28 U.S.C. § 2254 (b)(3) ("A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance on the requirement unless the state, through counsel, expressly waives the requirement.") Respondent's answer to the petition affirmatively alleges "Respondent admits that Petitioner has exhausted the stated grounds for relief in his Petition to the extent interpreted by Respondent herein."  (Ct. Rec. 13 at 2.)

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 7 -

This clearly constitutes an express waiver by counsel of the exhaustion requirement of the ineffective assistance claim. *See Dorsey v. Chapman*, 262 F. 3d 1181, 1187 at n. 8 (11th Cir. 2001). Generally, a habeas court may, in its discretion reach the merits of a habeas claim or may insist on exhaustion of state remedies despite a State's waiver of the defense. *See Boyd v. Thompson*, 147 F. 3d 1124, 1127 (9th Cir. 1998). The court's discretion should be exercised to further the interests of comity, federalism, and judicial efficiency. *See id.* It appears to advance the interests of the parties and judicial efficiency (without unduly offending the interests of either comity or federalism) for the Court to decide petitioner's claim is exhausted and may, unless otherwise barred, be considered on the merits.

Respondent concedes that if the court finds the federal habeas petition timely, the federal court should consider the claims because petitioner has properly exhausted them, but dismiss the claims and deny the petition on the merits. (Ct. Rec. 13 at 2-3, Ct. Rec. 21 at 2-3).

Ineffective assistance of counsel - prosecutor's statement
Petitioner argues trial counsel was ineffective because he told Mr. Goddard the prosecutor intended to seek a maximum prison term, but the record reflects otherwise. At the plea hearing in August of 2004, the prosecutor said, "I don't know that a conviction at trial would result in a prison commitment." (Lodged Document 18 at 6.) Petitioner alleges that if trial counsel had not falsely told him the prosecutor intended to seek the maximum sentence, Mr.

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 8 -

Goddard would have gone to trial rather than accept the plea agreement. (Ct. Rec. 1 at Exhibit, Ct. Rec. 18 at 2-5.) This is the same claim based on the same facts presented by petitioner in the habeas petition he filed in the California Supreme Court. Petitioner cited federal case law in the state court in support of his argument.  (Ct. Rec. 1, attachment 12(a) at 1, 3.)

        Ineffective assistance of counsel - failing to obtain psychological evaluation  Petitioner alleges trial counsel was ineffective because he failed to have Mr. Goddard evaluated by a psychologist before he changed his plea.  (Ct. Rec. 23 at 10-13.) Mr. Goddard raised this claim based on the same facts in both federal court and the state's highest court.  He invoked the same federal legal protections in the federal petition and in the petition filed in the state's highest court, namely, the Sixth Amendment.  Respondent is correct that Mr. Goddard exhausted both of his federal habeas claims of ineffective assistance.

**III. AEDPA STATUTE OF LIMITATIONS**

        The current federal petition was filed December 5, 2006.  Its disposition is therefore governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996.  (Ct. Rec. 13 at 5, Ct. Rec. 18 at 1.)

        Respondent asks that the petition be dismissed as untimely. (Ct. Rec. 21 at 2, 5-6.)  Respondent argues that the time frame for determining when Mr. Goddard's conviction became final begins with the date he entered his no contest plea (August 30, 2004) and ends with the 60-day deadline thereafter for filing a direct appeal, October 29, 2004.  (Ct. Rec. 21 at 6.)  As noted, Mr.

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 9 -

Goddard did not file a direct appeal.  Respondent asserts that Mr. Goddard's federal habeas petition was due one year after the date his conviction became final, on October 29, 2005.  (Id.)

With respect to tolling, Respondent argues that no time is tolled in this case.  While AEDPA's statute of limitations is normally tolled during periods of state review, Respondent argues that tolling does not apply here because Mr. Goddard filed his state habeas petition on November 7, 2005 – nine days after the federal petition was due.  Respondent contends that because the statute never tolled, it ran on October 29, 2005.  Mr. Goddard's filing of his federal habeas petition on December 5, 2006, was therefore untimely.  (Ct. Rec. 21 at 6.)

Petitioner answers that he meets an exception to AEDPA's one-year statute of limitation, which provides:

"(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

. . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

(Lodged Document 23 at 1-2, citing 28 U.S.C. §2244(d)(1)(D).

Also significant is 28 U.S.C. § 2244(d)(2), which provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 10 -

1  28 U.S.C. § 2244(d)(2).

2      In his amended traverse, petitioner describes the factual
3  predicate relied on:

4      "it is uncontested in the record that the first time
5  Petitioner Goddard became aware of his claim of defense counsel
6  Beede's ineffective assistance of counsel was in September of 2005
7  when he first read the transcripts of the state court
8  proceedings."  (Lodged Document 23 at 2.)

9      Mr. Goddard's October 27, 2005, declaration attached to his
10 federal petition states:

11     "I have read in the court transcripts that the D.A. said to
12 the court that she didn't know that a conviction at trial would
13 result in a prison commitment.  The first time I became aware of
14 this statement by the D.A. was one month ago, September 2005."
15 (Lodged Document 23 at 2, referring to Ct. Rec. 1, Exhibit B at
16 2.)

17     The court notes that in most cases, the limitation period
18 begins running on the date that the direct review becomes final.
19 California state law governs the period within which prisoners
20 have to file an appeal, and, in turn, that law governs the date of
21 finality of convictions.  *See e.g., Mendoza v. Carey*, 449 F. 3d
22 1065, 1067 (9th Cir. 2006); *Lewis v. Mitchell*, 173 F. Supp. 2d
23 1057, 1060 (C.D. Cal 2001) (California conviction becomes final 60
24 days after the superior court proceedings have concluded, citing
25 prior California Rule of Court, Rule 31(d)).

26     Pursuant to California Rules of Court, Rule 8.308(a),
27 formerly Rule 31(d), a criminal defendant convicted of a felony

28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 11 -

must file his notice of appeal within sixty days of the rendition of judgment.  *See People v. Mendez*, 19 Cal. 4th 1084 (1999).  Mr. Goddard did not file a notice of appeal. His superior court proceedings concluded at sentencing on October 18, 2004.  His conviction became final when the sixty-day period for filing a notice of appeal expired, December 16, 2004.

AEDPA's one-year period commenced the following day, on December 17, 2004, meaning petitioner had one year from that date, until December 16, 2005, to file his federal petition for writ of habeas corpus, absent tolling.  *See Patterson v. Stewart*, 251 F. 3d 1243, 1245 (9th Cir. 2001).

Mr. Goddard filed his state petition on November 7, 2005 and federal petition December 5, 2006.  (Ct. Rec. 1.) Contrary to Respondent's argument, AEDPA's limitation had **not** expired before Mr. Goddard filed his state habeas petition.  Rather, there were 39 days (November 7, 2005 through the AEDPA deadline of December 16, 2005) left on the AEDPA clock when Mr. Goddard filed his state petition.  The time that the state habeas petition was pending is statutorily tolled.  Thus, time is tolled from November 7, 2005 (the date of filing the state petition) until October 11, 2006 (the date the California Supreme Court denied review).  Beginning October 12, 2006, Mr. Goddard's federal petition was no longer subject to statutory tolling.  The original 39 days remaining began to run, meaning he had until November 20, 2006, to file his federal petition.  Since Mr. Goddard filed his federal petition on December 5, 2006, the petition is untimely.  The court considers whether petitioner establishes an exception to the statute of

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 12 -

1  limitations.

2       After reviewing the record the court finds that petitioner

3  fails to establish that he could not, exercising due diligence,

4  have discovered the factual predicate of his claims sooner.  The

5  record shows Mr. Goddard was present in the courtroom to change

6  his plea on August 30, 2004, when the prosecutor made the

7  statement Mr. Goddard claims he did not learn about until much

8  later.  (Lodged Document 18.)   Presumably, Mr. Goddard heard what

9  was said in his presence.

10      Even if Mr. Goddard did not learn of the comment until later,

11  the context of the prosecutor's remark does not lend it the

12  meaning Mr. Goddard ascribes.  The following took place at the

13  plea hearing:

14      COURT: . . . And the reason for the offer, Ms. Serafin?

15      PROSECUTOR: It really – his minimal record.  I don't know
        that a conviction at trial would result in a prison
16      commitment.

17      COURT: Okay. Mr. Goddard, is that your understanding of
        the offer that's been made to today?
18
        DEFENDANT: Yes, your Honor.
19
   (Lodged Document 18 at 6-7.)

20
        On this record, petitioner fails to show that, exercising due
21
   diligence, he was prevented from discovering the factual predicate
22
   of this claim within the statutory time limits.
23
        With respect to the second basis of his claim, Mr. Goddard
24
   argues the statute is similarly tolled based on trial counsel's
25
   failure to obtain an evaluation before Mr. Goddard entered his
26
   plea change.  Petitioner alleges he did not become aware of his
27
   need for such an evaluation (and that the failure to obtain one
28
   REPORT AND RECOMMENDATION TO DENY
   WRIT OF HABEAS CORPUS
   - 13 -

constituted ineffective assistance) until Dr. Corey filed his report dated January 13, 2005, prior to the probation revocation hearing. (Lodged Document at 23 at 10-13.) As more fully discussed herein, petitioner similarly fails to show that he could not have discovered the factual predicate of this claim within the statutory time limits.

In the event the court finds petitioner meets the exception to the time bar, the merits of his claims are discussed.

**IV. MERITS**

**A.  Standard of Review**

Under AEDPA, a federal court may grant habeas relief if a state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254 (d). "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) - whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003), referring to *Weeks v. Angelone*, 528 U.S. 225 at 237 (2000). Where no decision of the Supreme Court "squarely addresses" an issue or provides a "categorical answer" to the question before the state court, § 2254(d)(1) bars relief. *Moses v. Payne*, 543 F. 3d 1090, 1098 (9th Cir. 2008), relying on *Wright v. Van Patten*, __ U.S. __, 128 S. Ct. 743, 746 (2008); *Carey v.*

1  *Musladin*, 549 U.S. 70 (2006).

2      Federal courts apply the *Brecht* standard to determine whether

3  a constitutional error was harmless.  *Fry v. Pliler,* 551 U.S. 112

4  (2000)*; Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).  Habeas

5  relief is warranted only if the error had a "substantial and

6  injurious effect or influence in determining the jury's verdict."

7  *Brecht,* 507 U.S. at 637 ((citing *Kotteakos v. United States,* 328

8  U.S. 750, 776 (1946)); *Bains v. Cambra*, 204 F. 3d 964, 977-78 (9th

9  Cir.) *cert. denied*, 531 U.S. 1037 (2000)).  That is, the

10 Petitioner is entitled to habeas relief only if he can show that

11 any constitutional violation "resulted in actual prejudice."

12 *Brecht,* 507 U.S. at 638 (internal citation omitted).

13 **B.  Ineffective assistance: prosecutor's statement**

14      Petitioner claims that the superior and state supreme courts

15 erred by denying his claim of ineffective assistance of counsel.

16 The Yolo County superior court judge who considered Mr. Goddard's

17 state habeas petition wrote:

18          First, petitioner asserts that trial counsel was
            ineffective because, prior to petitioner withdrawing
19          his not guilty plea and pleading no contest pursuant,
            counsel failed to advise him that the prosecutor was
20          not sure that a prison sentence would have been imposed
            if petitioner went to trial and was convicted. The
21          fact that at the change of plea hearing the prosecutor
            indicated that he [she] could not know that a prison
22          term would be imposed if petitioner were to be convicted
            after a trial is a statement of the obvious, not an offer
23          to limit post-trial sentencing arguments. It does not
            raise a prima facie case of ineffective assistance of
24          defense counsel.  The information set forth in the
            declaration of trial counsel which petitioner relies on
25          to support his claim provides no support for this claim.
            Nothing in the record suggests in any way that trial
26          counsel was ever informed by the prosecutor that the
            prosecutor intended to limit any post-trial sentencing
27          arguments to a suspended seven-year prison sentence or
            even an immediately imposed seven-year prison sentence.
28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 15 -

1
2
3

> By accepting the plea deal he was offered, petitioner
> obtained a surprising[ly] lenient disposition where even
> no jail time was imposed. His after-the-fact effort to
> attack his change of plea, the plea deal, and trial
> counsel's conduct on this ground is without merit.

4  (Lodged Document 6 at 2.)

5      *Strickland v. Washington*, 466 U.S. 668 (1984) ordinarily

6  applies to claims of ineffective assistance of counsel at the plea

7  hearing stage. *Wright v. Van Patten*, __ U.S. __, 128 S. Ct. 743,

8  746 (2008); *see Hill v. Lockhart*, 474 U.S. 52, 58 (1985)("[T]he

9  two-part *Strickland v. Washington* test applies to challenges to

10 guilty pleas based on ineffective assistance of counsel").

11     *Strickland's* two-pronged test requires a showing of deficient

12 performance and prejudice to the defendant. *Strickland*, 466 U.S.

13 at 688-689.  To satisfy the first prong, a petitioner must show

14 that, considering all the circumstances, counsel's performance

15 fell below an objective standard of reasonableness. (*Id.*, at 688.)

16 This requires identifying the acts or omissions that are alleged

17 to not have been the result of reasonable professional judgment.

18 (*Id.*, at 690.)  The federal court then determines whether, in

19 light of all the circumstances, the acts or omissions were outside

20 the wide range of professional competent assistance.  (*Id.*)  In

21 making this determination, there is a strong presumption "that

22 counsel's conduct was within the wide range of reasonable

23 assistance, and that he exercised acceptable professional judgment

24 in all significant decisions made." *Hughes v. Borg*, 898 F. 2d 695

25 (9th Cir. 1999), citing *Strickland*, 466 U.S. at 689.

26     Second, a petitioner must prove prejudice.  See *Strickland,*

27 466 U.S. at 693.  Prejudice is established when "there is a

28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 16 -

1  reasonable probability that, but for counsel's unprofessional

2  errors, the result of the proceeding would have been different."

3  (*Id.* at 694.)  A reviewing court "need not determine whether

4  counsel's performance was deficient before examining the prejudice

5  suffered by the defendant as a result of the alleged deficiencies.

6  . . . If it is easier to dispose of an ineffectiveness claim on the

7  ground of lack of sufficient prejudice . . . that course should be

8  followed."  *Pizzuto v. Arave*, 280 F. 3d 949, 955 (9th Cir. 2002),

9  quoting *Strickland*, 466 U.S. at 697.

10  Pursuant to 28 U.S.C. § 2254(e)(1), if a habeas petitioner is

11  in state custody pursuant to a state court judgment, the

12  determination of a factual issue made by a state court shall be

13  presumed to be correct.  *Miller-El v. Cockrell*, 537 U.S. 322, 340

14  (2003), citing 28 U.S.C. § 2254(e)(1).

15  The trial court ascertained that Mr. Goddard reviewed the

16  plea form with counsel, had all of his questions answered, was

17  made no other promises with respect to the plea agreement, was not

18  being forced to change his plea, and entered the plea and

19  enhancement admission freely and voluntarily. (Lodged Document 18

20  at 7.)

21  As the superior court noted when reviewing the state

22  petition, the prosecutor's statement  ("I don't know that a

23  conviction at trial would result in a prison commitment") was a

24  statement of the obvious rather than an offer to limit argument at

25  post-trial sentencing.  Prosecutors or defense counsel do not know

26  (in most cases) with any certainty what will happen after trial

27  with respect to sentencing.  The superior court further observed

28

1 that nothing in the record suggests that trial counsel was at any
2 time informed by the prosecutor that she intended to limit post-
3 trial sentencing arguments to a suspended seven-year prison
4 sentence or even an immediately imposed seven-year prison
5 sentence.  (Lodged Document 6 at 2.)

6       The record reveals no prejudice resulted from trial counsel's
7 performance.  As noted by the superior court, Mr. Goddard received
8 no jail time as part of his initial sentence.  Pursuant to the
9 plea agreement negotiated by trial counsel, Mr. Goddard was
10 sentenced to serve five years of probation, with seven years of
11 confinement suspended; five additional counts were dismissed.
12 This is by any standard a lenient sentence.

13       The lack of prejudice to Mr. Goddard resulting from the plea
14 agreement is further shown by trial counsel's comments with
15 respect to the dismissed counts before Mr. Goddard changed his
16 plea:

17       DEFENSE: The other events [resulting in other charges],
        if they were considered by Probation, are messier, and
18      frankly, not acknowledged.  In fact, the victim in that
        case, the same victim as in this case, denied that it
19      happened.

20      In that fashion, I'm reluctant to enter into a Harvey
        waiver.  I think it should be dismiss for the plea,
21      seven-year suspended sentence, which is a strike, which
        he will serve eighty-five percent of the time, if imposed,
22      is enough.

23      PROSECUTOR: I just want the, you know, probation and
        the Court to consider the fact that there was more than
24      one instance, but I did not, you know, I take
        responsibility for that.  I did not discuss that with
25      Mr. Beede before he signed the plea agreement.

26      DEFENSE: I agree with those comments.  It's honest, but
        one of the things Ms. Serafin ought to consider is that
27      that event is a primary reason **that possible second
        strike [arising from the other charges], had he fallen**

28
REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS

1    **on it at trial, is a substantial reason why Mr. Goddard**
     **takes this deal.** It was considered in a situation where
2    an act of domestic violence is resulting in a seven-year
     suspended term.
3
     This was something we were all aware of, and something
4    that has caused this arrangement this afternoon.

5    (Lodged Document18 at 4.)(bold added)

6        Not only did Mr. Goddard receive a suspended sentence, trial

7    counsel's representation resulted in Mr. Goddard ending up with

8    one criminal strike on his record rather than two.  Mr. Goddard

9    fails to show any prejudice resulting from trial counsel's

10   performance.

11       Petitioner also does not show the state court's decision was

12   contrary to, or involved an unreasonable application of, clearly

13   established federal law, or resulted in a decision that was based

14   upon an unreasonable determination of the facts in light of the

15   evidence, as required by habeas jurisprudence.  *See e.g., Lockyer*

16   *v. Andrade*, 538 U.S. 63, 70-71 (2003); *Moses v. Payne*, 543 F. 3d

17   1090, 1097-1098(9th Cir. 2008).  The first basis for petitioner's

18   claim of ineffective assistance of counsel is therefore without

19   merit.

20   **C. Ineffective assistance - failure to obtain evaluation**

21       Petitioner claims trial counsel's representation was

22   ineffective because he did not refer Mr. Goddard to an evaluating

23   psychologist before Mr. Goddard entered his change of plea. The

24   superior court wrote:

25       Second, petitioner asserts that his trial counsel provided
         ineffective assistance of counsel because he failed to have
26       petitioner examined by a mental health professional to
         determine whether he was capable of successfully completing
27       probation.  The issue of whether a defendant is competent to
         knowingly and intelligently waive his or her constitutional
28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 19 -

1    rights in exchange for a lenient sentencing deal is a far
     different matter from the speculative question of whether
2    that same defendant will be able to complete probation
     successfully.   Petitioner has **cited no apposite authority for**
3    **his argument** that trial counsel's performance was inadequate
     because he failed to obtain additional expert assistance to
4    assess the likelihood of petitioner's success on probation in
     light of petitioner's undisputed mental and emotional health
5    issues and alcohol and drug dependency history and issues.

6    In his declaration, trial counsel attests that he has
     previously represented petitioner in a number of other
7    cases including cases where petitioner successfully
     completed years of probation. Irrespective of
8    petitioner's mental health, emotional, and drug
     dependency issues, nothing in the petition or in the
9    record suggests that petitioner was any less capable of
     successfully completing probation in connection with
10   Case No. CR F 6319 [the current case] than he was in
     earlier cases in which the same counsel represented him.
11   Nor can trial counsel be faulted for failing to seek a
     more restrictive probation requirement - a residential
12   treatment program - than that which was imposed. It
     does not take an expert to understand that a person with
13   such issues may find it difficult to successfully complete
     probation.  That obvious circumstance does not require
14   an attorney to argue for a more restrictive probation.
     Accordingly, the court concludes that petitioner has
15   failed to make a prima facie showing that he is entitled
     to relief on the grounds cited.
16
     (Lodged Document 6 at 2-3.)(bold added)
17
          Mr. Goddard's pleadings filed in support of his federal
18
     habeas petition similarly cite no apposite authority supporting
19
     his argument.  Petitioner fails to establish prejudice as required
20
     by *Strickland*.
21
          The state court's denial of the second basis on which
22
     ineffectiveness is claimed is not contrary to or an unreasonable
23
     application of clearly established federal law.  The second basis
24
     of Mr. Goddard's ineffectiveness claim is therefore without merit.
25

26
          This court finds the superior court's conclusion that Mr.
27
     Goddard fails to show ineffectiveness is error-free.  Accordingly,
28
     REPORT AND RECOMMENDATION TO DENY
     WRIT OF HABEAS CORPUS
     - 20 -

1  both allegations of alleged ineffectiveness are without merit.

2  **V.   CONCLUSION**

3       For the reasons stated above, **IT IS RECOMMENDED** the Petition

4  for Writ of Habeas Corpus (Ct. Rec. 1) be **DENIED.**

5                              **OBJECTIONS**

6       Any party may object to the magistrate judge's proposed

7  findings, recommendations or report within ten (10) days following

8  service with a copy thereof.  Such party shall file with the Clerk

9  of the Court all written objections, specifically identifying the

10 portions to which objection is being made, and the basis therefor.

11 Attention is directed to Fed. R. Civ. P. 6(e), which adds another

12 three (3) days from the date of mailing if service is by mail.  A

13 district judge will make a de novo determination of those portions

14 to which objection ids made and may accept, reject, or modify the

15 magistrate judge's determination.  The district judge need not

16 conduct a new hearing or hear arguments and may consider the

17 magistrate judge's record and make an independent determination

18 thereon.  The district judge may also receive further evidence or

19 recommit the matter to the magistrate judge with instructions.

20 See 28 U.S.C. § 636 (b) (1) (C) , Fed. R. Civ. P. 73, and LMR 4,

21 Local Rules for the Eastern District of Washington.  A magistrate

22 judge's recommendation cannot be appealed to a court of appeals;

23 only the district judge's order or judgment can be appealed.

24      The District Court Executive **SHALL FILE** this report and

25 recommendation and serve copies of it on the referring judge and

26 the parties.

27           **DATED** this 2nd day of February, 2009.

28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 21 -

1

2                                          s/James P. Hutton

3                                    JAMES P. HUTTON
                             UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION TO DENY
WRIT OF HABEAS CORPUS
- 22 -